UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HANKINSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:10-cv-344

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Movant Daniel Hankinson's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

Movant was charged in a Superseding Felony Information on January 17, 2007, with: (1) possession with intent to distribute 100 or more grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and (2) conspiracy to possess and distribute heroin in violation of 21 U.S.C. § 846. *United States v. Hankinson*, Case No. 1:05-CR-163-27 (W.D. Mich. June 20, 2007; Dkt. No. 853, Superseding Felony Information.) Movant pleaded guilty to the Information on January 18, 2007, and was sentenced on May 16, 2007, to 180 months' imprisonment followed by four years of supervised release. (1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 19-20.) Movant appealed on September 14, 2007, and his conviction was affirmed on January 14, 2009. (Dkt. No. 1063.) Movant filed his § 2255 motion on April 12, 2010.

Movant seeks relief based on ineffective assistance of counsel..

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504

(2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the proceedings, the judge may rely on his or her recollections. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances. *DuPont v. United States*, 76 F.3d 108 (6th Cir.

1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *Id.* On direct appeal, Movant argued that he should not have been sentenced as a career offender. The Sixth Circuit Court of Appeals affirmed Movant's conviction on de novo review, determining that his argument lacked merit, and concluded that nothing in the record supported his claim. (1:05-CR-163-27, Dkt. No. 1063, Op. 2-3.) Because these issues were litigated on appeal, they cannot be reconsidered in Movant's § 2255 motion.

Instead, Movant recharacterizes his claim for relief based on ineffective assistance of counsel. (Dkt. No. 1.) To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90.

Movant claims that Counsel was ineffective because she failed to convince the district court not to sentence Movant as a career offender. (Dkt. No. 1.) According to the United States Sentencing Guidelines, three requirements must be met to categorize a defendant as a career offender. First, the defendant must have been at least eighteen years old at the time the instant offense was committed. Second, the instant offense must be a felony that is either a crime of violence or a controlled substance offense. Third, the defendant must have had at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a); *see United States v. Robertson*, 260 F.3d 500, 508-09 (6th Cir. 2001). Movant's attorney objected to the career offender determination in the Sentencing Memorandum and at the Sentencing Hearing. (1:05-CR-163-27, Dkt. No. 972, Sent. Mem. 1-5; Dkt. No. 978, Sent. Tr. 3-6, 12-13.) Counsel also challenged the determination on appeal. (1:05-CR-163-27, Dkt. No. 977.)

Movant was 46 years old when he was arrested for the instant offense. This satisfies the first prong of U.S.S.G. § 4B1.1(a). The instant offense is for possession with intent to distribute heroin, which is a "controlled substance offense." U.S.S.G. § 4B1.1(b). This satisfies the second prong. The district court's categorization of Movant as a career offender was based upon two prior felony convictions, one for robbery and assault, and another for possession with intent to distribute crack cocaine. (PSR, ¶ 526-27.) Robbery and assault qualifies the first offense as a crime of violence, and possession with intent to distribute

crack cocaine is a "controlled substance offense." U.S.S.G. § 4B1.1(b). This satisfies the third prong.

Movant's attorney argued that the enhancement should not apply, because the second underlying conviction for possession with intent to distribute had been reduced to a simple possession count in the South Carolina state courts. (1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 3-5.) Counsel stated that she tried, repeatedly, to obtain a transcript of the resentencing in South Carolina and other evidence to support the Movant's claim, but had found that no such evidence existed. According to Counsel:

> MS. NIEUWENHUIS: . . . Mr. Hankinson has indicated to me for a long time that this case had a rather lengthy history, and when he went back to court, he was granted a resentencing, and his recollection is that by the time he got there for a resentencing, he actually entered a plea to possession of drugs. And I did for the Court have Mr. Hankinson fill out an affidavit to that effect, and as I've indicated, we have attempted -- we tried contacting the Perry Correctional Facility for their records as to what they had when Mr. Hankinson came back the second time on his sentence and what he was actually serving his sentence for. Unfortunately, the records that we finally received from them only indicates the time he's actually incarcerated. It does not list specifically anything regarding the resentencing. It's just basically showing when he's at their facility. Other than that, Your Honor, I did also for the Court's review attach a copy of my secretary's affidavit of what my office has attempted to do in regards to getting these transcripts.

(1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 4.) Despite these substantial efforts, Movant was unable to offer anything to rebut or refute the South Carolina court documents obtained by the U.S. Probation Office indicating that he was convicted in 1991 of possession of crack cocaine with the intent to distribute. The record does indicate, however, that in 1995, after a collateral review, the South Carolina Supreme Court remanded the case back to the trial

court for resentencing, and it instructed the trial court to resentence Movant as a second-time offender instead of a third-time offender. (PSR ¶ 527.) This evidence, along with Counsel's efforts to obtain it, show that she conducted a reasonable investigation. *See Sims v. Livesay*, 970 F.2d 1575, 180-81 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 691).

Finding no evidence in the record for Movant's claim that his conviction was reduced to that of simple possession, and upon investigation of the available court documents, this Court overruled Counsel's objection and sentenced Movant as a career offender. (1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 9-12, 17-18.) The guideline range for an offense level of 31 and criminal history category VI is 188-235 months, and Movant was sentenced to 180 months. (1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 19.) The Court stated that a sentence "at the lower end of the high guideline we're talking about and the high end of the lower guideline we're talking about is probably right about where it should be . . ..". (1:05-CR-163-27, Dkt. No. 978, Sent. Tr. 19.)

Because all the requirements of § 4B1.1(a) are satisfied, Movant was properly treated as a career offender for sentencing purposes, and his counsel was not objectively unreasonable for unsuccessfully arguing that the career offender enhancement should be overruled. Movant's Counsel persevered in seeking the objection to the career offender enhancement with determination. She maintained the objection on appeal and exhausted her own efforts to seek the evidence necessary to support Movant's claims. Counsel's representation was not objectively unreasonable, and Movant is entitled to no relief.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* For the reasons stated in this opinion, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: October 5, 2011                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE